IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BRIAN S. SEEFELDT,

      Plaintiff,                    No. CIV S-08-0232 GEB JFM P

    vs.

CALIFORNIA DEPARTMENT
OF CORRECTIONS AND
REHABILITATION, et al.,

      Defendants.              <u>ORDER</u>

                     /

        Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

        Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

        Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). An initial partial filing fee of $2.38 will be assessed by this order. 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be

1

forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic Corp. v. Twombly, __ U.S. __, 127 S.Ct. 1955, 1964 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  In order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level."  Bell Atlantic, id.  However, "[s]pecific facts are not necessary; the statement [of facts] need only '"give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."'"  Erickson v. Pardus, __ U.S. __, 127 S.Ct. 2197, 2200 (2007) (quoting Bell, slip op. at 7-8, in turn quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  In reviewing a complaint under this standard, the

court must accept as true the allegations of the complaint in question, <u>Erickson</u>, <u>id</u>., and construe the pleading in the light most favorable to the plaintiff. <u>Scheuer v. Rhodes</u>, 416 U.S. 232, 236 (1974).

Plaintiff has named four defendants in his complaint, including the California Department of Corrections and Rehabilitation (CDCR). The Eleventh Amendment serves as a jurisdictional bar to suits brought by private parties against a state or state agency unless the state or the agency consents to such suit. <u>See</u> <u>Quern v. Jordan</u>, 440 U.S. 332 (1979); <u>Alabama v. Pugh</u>, 438 U.S. 781 (1978)( per curiam); <u>Jackson v. Hayakawa</u>, 682 F.2d 1344, 1349-50 (9th Cir. 1982). In the instant case, the State of California has not consented to suit. Accordingly, plaintiff's claims against the CDCR are frivolous and must be dismissed.

Plaintiff also names the Deuel Vocational Institution (DVI) Medical Staff and an unidentified appeals coordinator as defendants in this action. The court cannot order service of process on defendants unless they are specifically identified in a complaint that states a cognizable claim for relief against them. Plaintiff's claims against the DVI Medical Staff and the unidentified appeals coordinate satisfies neither of these requirements. For that reason, the court will not order service of process on these two defendants.

The complaint states a cognizable claim for relief against the remaining named defendant pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1915A(b). If the allegations of the complaint are proven, plaintiff has a reasonable opportunity to prevail on the merits of this action.

On March 12, 2008, plaintiff filed a document styled "Motion to Change Custody." In the motion, plaintiff alleges that the CDCR "continuously places [him] in life threatening situations" and seeks an order placing him in federal custody. On March 12, 2008, March 13, 2008, and April 17, 2008, plaintiff filed notices of change of address. In each instance, including the April 17, 2008 notice, the new address provided by plaintiff is not a CDCR institution. Plaintiff's motion will therefore be denied without prejudice.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee of $2.38. All fees shall be collected and paid in accordance with this court's order to the Sheriff of Solano County filed concurrently herewith.

3. Plaintiff's March 12, 2008 motion is denied without prejudice.

4. Service is appropriate for the following defendant: Sgt. Carter.

5. The Clerk of the Court shall send plaintiff one USM-285 forms, one summons, an instruction sheet and a copy of the complaint filed January 18, 2008.

6. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Submission of Documents and submit the following documents to the court:

    a. The completed Notice of Submission of Documents;

    b. One completed summons;

    c. One completed USM-285 form for the defendant listed in number 4 above; and

    d. Two copies of the endorsed complaint filed January 18, 2008.

7. Plaintiff need not attempt service on defendant and need not request waiver of service. Upon receipt of the above-described documents, the court will direct the United States Marshal to serve the above-named defendant pursuant to Federal Rule of Civil Procedure 4 without payment of costs.

DATED: May 29, 2008.

UNITED STATES MAGISTRATE JUDGE

12;seef0232.1

4

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BRIAN S. SEEFELDT,

       Plaintiff,                        No. CIV S-08-0232 GEB JFM P

    vs.

CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al.,        NOTICE OF SUBMISSION

       Defendants.                   OF DOCUMENTS

_____/

       Plaintiff hereby submits the following documents in compliance with the court's order filed _____:

    ____    completed summons form

    ____    completed USM-285 forms

    ____    copies of the _____
                       Complaint/Amended Complaint

DATED:

                                         _____
                                         Plaintiff