1

2

3

4

5

6

7                    IN THE UNITED STATES DISTRICT COURT

8                   FOR THE EASTERN DISTRICT OF CALIFORNIA

9    BRIAN S. SEEFELDT,

10              Plaintiff,                    No. 2:08-cv-0232 JFM (PC)

11         vs.

12   CALIFORNIA DEPARTMENT OF
     CORRECTIONS AND
13   REHABILITATION, et al.,

14              Defendants.             ORDER

15   _____/

16             Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to

17   42 U.S.C. § 1983.[1]  By order filed January 14, 2009, defendant Carter was directed to file a

18   response to plaintiff's complaint within thirty days.  On January 28, 2009, the parties filed a

19   stipulation and proposed order to stay discovery in this action until a scheduling order and a

20   discovery order are issued in this action.  On January 30, 2009, the court issued an order pursuant

21   to that stipulation.  Also on January 30, 2009, plaintiff filed an amended complaint as of right.

22   See Fed. R. Civ. P. 15(a). On February 9, 2009, plaintiff filed a request for twenty-four

23   subpoenas.  Plaintiff is requesting the subpoenas pursuant to Fed. R. Civ. P. 45, but he asserts

24   that he requires the subpoenas in order to serve defendants named in the amended complaint.

25   _____

26        [1]  This action is proceeding before the undersigned with the consent of the parties
     pursuant to 28 U.S.C. § 636(c).  See Order filed October 29, 2008.

1   The court is required to screen plaintiff's amended complaint, see 28 U.S.C. § 1915A, and will,

2   as appropriate, make necessary orders for service of process on any defendant named in the

3   amended complaint against whom a cognizable claim for relief is stated.  Plaintiff's request for

4   subpoenas is unnecessary and will therefore be denied.

5          The court is required to screen complaints brought by prisoners seeking relief

6   against a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

7   § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised

8   claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

9   granted, or that seek monetary relief from a defendant who is immune from such relief.  28

10  U.S.C. § 1915A(b)(1),(2).

11         A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

12  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28

13  (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

14  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

15  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

16  pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

17  Cir. 1989); Franklin, 745 F.2d at 1227.

18         Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and

19  plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the

20  defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic

21  Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 1964 (2007) (quoting Conley v. Gibson, 355

22  U.S. 41, 47 (1957)).  In order to survive dismissal for failure to state a claim a complaint must

23  contain more than "a formulaic recitation of the elements of a cause of action;" it must contain

24  factual allegations sufficient "to raise a right to relief above the speculative level."  Bell Atlantic,

25  id.  However, "[s]pecific facts are not necessary; the statement [of facts] need only '"give the

26  defendant fair notice of what the . . . claim is and the grounds upon which it rests."'"  Erickson

1   v. Pardus, 551 U.S. 89, 127 S.Ct. 2197, 2200 (2007) (quoting Bell, 127 S.Ct. at 1964, in turn

2   quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).   In reviewing a complaint under this

3   standard, the court must accept as true the allegations of the complaint in question, Erickson, id.,

4   and construe the pleading in the light most favorable to the plaintiff.   Scheuer v. Rhodes, 416

5   U.S. 232, 236 (1974).

6            Plaintiff's amended complaint contains the following allegations.   On the

7   afternoon of August 7, 2007, plaintiff called "man down."   Amended Complaint, filed January

8   30, 2009, at 2.   A unidentified  nurse arrived driving a medical gurney.   She instructed plaintiff to

9   get into a wheelchair and he told her wouldn't.   The nurse asked defendant Carter for help, but he

10  declined, stating that it was a medical issue and he "couldn't and would not help."   Id.   The nurse

11  called for medical help.   Three unidentified staff arrived to help, but failed to "restrain"

12  plaintiff's back or neck.   Id.   The four unknown staff proceeded to try to move plaintiff from his

13  bed, and they dropped him on his back in the presence of defendant Carter, who "gasped."   Id. at

14  5.   The medical staff got plaintiff onto the gurney, but it wouldn't move, so staff had to call for

15  another gurney.   After it arrived, plaintiff was taken to the emergency room.   Nurse Practitioner

16  Reyes, who is named as a defendant, examined plaintiff but did not take any x-rays or an MRI.

17  Plaintiff was then taken back to his dorm and told to "push [him]self to chow."   Id.   Plaintiff told

18  the officers he had a chrono for an attendant.   One of the officers told plaintiff to get someone

19  from G Wing.   Plaintiff's initial requests were ignored, but after plaintiff had slowly pushed

20  himself 10 or 15 feet an officer came to push plaintiff.   Plaintiff was seen by a doctor a day later.

21  He told the doctor his back was still bothering him, but no x-ray or MRI was done until plaintiff

22  was transferred to another facility.

23           Plaintiff claims that defendant Carter and three other unknown correctional

24  officers "failed to protect" plaintiff from medical staff, and that they committed "professional

25  negligence."   Plaintiff also claims that the unnamed medical staff committed professional

26  negligence when they failed to restrain plaintiff's back and neck and dropped him during the

1  transfer to the gurney.  Plaintiff names twenty-six individuals as defendants in the complaint in

2  addition to the three unknown correctional officers and four unknown medical staff.  Sgt. Carter

3  is not listed as a defendant in any of the sections for defendants on the form amended complaint.

4          There are no charging allegations against any of the individuals named as

5  defendants with the exception of Nurse Practitioner Reyes.  The sole charging allegation against

6  defendant Reyes is that no MRI or x-rays were done as part of defendant Reyes' examination of

7  plaintiff after the fall.

8  In Estelle v. Gamble, 429 U.S. 97, 106 (1976), the Supreme Court held that inadequate medical

9  care did not constitute cruel and unusual punishment cognizable under § 1983 unless the

10  mistreatment rose to the level of "deliberate indifference to serious medical needs."  In applying

11  this standard, the Ninth Circuit has held that before it can be said that a prisoner's civil rights

12  have been abridged, "the indifference to his medical needs must be substantial.  Mere

13  'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action."

14  Broughton v. Cutter Lab., 622 F.2d 458, 460 (9th Cir. 1980), citing Estelle, 429 U.S. at 105-06.

15  Plaintiff's allegations against defendant Reyes state no more than a claim for negligence, which

16  is not cognizable in this § 1983 action.

17          The Civil Rights Act under which this action was filed provides as follows:

18          Every person who, under color of [state law] . . . subjects, or causes
            to be subjected, any citizen of the United States . . . to the
19          deprivation of any rights, privileges, or immunities secured by the
            Constitution . . . shall be liable to the party injured in an action at
20          law, suit in equity, or other proper proceeding for redress.

21  42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the

22  actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See

23  Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362

24  (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the

25  meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or

26  omits to perform an act which he is legally required to do that causes the deprivation of which

4

1 complaint is made." <u>Johnson v. Duffy</u>, 588 F.2d 740, 743 (9th Cir. 1978).  Plaintiff has not

2 alleged any acts or omissions by any of the other twenty-five named defendants, nor tied them in

3 any way to a violation of plaintiff's constitutional rights.

4         Finally, with respect to defendant Carter, in order to state a claim for violation of

5 plaintiff's Eighth Amendment rights under the circumstances of this case, plaintiff must allege

6 facts which suggest that defendant Carter knew of and disregarded an excessive risk of harm to

7 plaintiff's health or safety.  <u>See</u> <u>Farmer v. Brennan</u>, 511 U.S. 825, 837 (1994).  The facts alleged

8 by plaintiff in the amended complaint do not state a cognizable Eighth Amendment claim based

9 on an alleged failure to protect plaintiff from a known risk of harm.

10         For all of the foregoing reasons, the amended complaint does not state a

11 cognizable claim for relief against any of the defendants named therein.  Because it is possible

12 that one or more of the defects in the amended complaint could be cured by amendment,

13 however, the court will grant leave to file a second amended complaint.

14         If plaintiff chooses to file a second amended complaint, plaintiff must demonstrate

15 how the conditions complained of have resulted in a deprivation of plaintiff's constitutional

16 rights.  <u>See</u> <u>Ellis v. Cassidy</u>, 625 F.2d 227 (9th Cir. 1980).  Also, the second amended complaint

17 must named all of the defendants who were involved in the alleged deprivation and must allege

18 in specific terms how each named defendant is involved.  There can be no liability under 42

19 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions

20 and the claimed deprivation.  <u>Rizzo v. Goode</u>, 423 U.S. 362 (1976); <u>May v. Enomoto</u>, 633 F.2d

21 164, 167 (9th Cir. 1980); <u>Johnson v. Duffy</u>, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore,

22 vague and conclusory allegations of official participation in civil rights violations are not

23 sufficient.  <u>Ivey v. Board of Regents</u>, 673 F.2d 266, 268 (9th Cir. 1982).

24         In addition, plaintiff is informed that the court cannot refer to a prior pleading in

25 order to make plaintiff's second amended complaint complete.  Local Rule 15-220 requires that

26 an amended complaint be complete in itself without reference to any prior pleading.  This is

because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files a second amended complaint, the original pleading no longer serves any function in the case.  Therefore, in a second amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1.  Defendant Carter is relieved of the obligation to respond to plaintiff's complaint until further order of court;

2.  Plaintiff's February 9, 2009 request for subpoenas is denied;

3.  Plaintiff's amended complaint is dismissed; and

4.  Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Amendment and submit the following documents to the court:

a.  The completed Notice of Amendment; and

b.  An original and one copy of the Second Amended Complaint. Plaintiff's second amended complaint shall comply with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the second amended complaint must bear the docket number assigned this case and must be labeled "Second Amended Complaint"; failure to file a second amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

DATED:  February 12, 2009.

UNITED STATES MAGISTRATE JUDGE

12
seef0232.14am

6

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

1

2

3

4

5

6

7                          IN THE UNITED STATES DISTRICT COURT

8                        FOR THE EASTERN DISTRICT OF CALIFORNIA

9     BRIAN S. SEEFELDT,

10              Plaintiff,                          No. 2:08-cv-0232-JFM (PC)

11         vs.

12    CALIFORNIA DEPARTMENT OF
      CORRECTIONS AND
13    REHABILITATION, et al.,                       NOTICE OF AMENDMENT

14              Defendants.

15    _____/

16              Plaintiff hereby submits the following document in compliance with the court's

17    order filed _____:

18              _____      Second Amended Complaint

19    DATED:

20

21                                                  _____
                                                    Plaintiff
22

23

24

25

26