IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BRIAN S. SEEFELDT,

    Plaintiff,  No. 2:08-cv-0232-JFM (PC)

  vs.

CALIFORNIA DEPARTMENT
OF CORRECTIONS AND
REHABILITATION, et al.,

    Defendants.  <u>ORDER</u>

                          /

        Plaintiff is a state prisoner proceeding pro se and in forma pauperis with an action filed pursuant to 42 U.S.C. § 1983. By order filed February 13, 2009, plaintiff's amended complaint was dismissed with leave to file a second amended complaint. Plaintiff has now filed a second amended complaint.

        The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 1964 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). In order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, id. However, "[s]pecific facts are not necessary; the statement [of facts] need only '"give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."'" Erickson v. Pardus, 551 U.S. 89, 127 S.Ct. 2197, 2200 (2007) (quoting Bell, 127 S.Ct. at 1964, in turn quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Erickson, id., and construe the pleading in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

Plaintiff has named ten defendants in the second amended complaint, including Nurse P. Hawkins. The allegations against Nurse Hawkins are so vague and conclusory that the second amended complaint does not state a cognizable claim for relief against said defendant. For that reason, the court will not order service of process on Nurse Hawkins.

/////

The second amended complaint states a cognizable claim for relief against Sgt. Carter, Dr. Allen, Dr. Fox, Dr. Hirschler, Dr. Newman, N.P. Reyes, Dr. Mendosa, Troy Brimhall, and R. Russel pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1915A(b). If the allegations of the amended complaint are proven, plaintiff has a reasonable opportunity to prevail on the merits of this action. On March 19, 2009, defendant Carter filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). That motion shall be briefed in accordance with the provisions of Local Rule 78-230(m) and this court's July 21, 2008 order. In addition, the court will make the necessary orders for service of process on defendants Allen, Fox, Hirschler, Newman, Reyes, Mendosa, Brimhall, and Russel. Within twenty days from the date of this order, counsel for defendant Carter shall advise the court in writing whether counsel will accept service of process on behalf of any or all of said defendants.

In accordance with the above, IT IS HEREBY ORDERED that:

1. The parties shall brief defendant Carter's March 19, 2009 motion in accordance with the provisions of Local Rule 78-230(m) and this court's July 21, 2008 order.

2. Service is appropriate for the following defendants: Dr. Allen; Dr. Fox; Dr. Hirschler; Dr. Newman; N.P. Reyes; Dr. Mendosa; Troy Brimhall; and R. Russel.

3. The Clerk of the Court shall send plaintiff eight USM-285 forms, one summons, an instruction sheet and a copy of the second amended complaint filed February 26, 2009.

4. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Submission of Documents and submit the following documents to the court:

    a. The completed Notice of Submission of Documents;

    b. One completed summons;

    c. One completed USM-285 form for each defendant listed in number 2 above; and

/////

    d. Nine copies of the endorsed second amended complaint filed February 26, 2009.

  5. Plaintiff need not attempt service on defendants and need not request waiver of service. Upon receipt of the above-described documents, the court will direct the United States Marshal to serve the above-named defendants pursuant to Federal Rule of Civil Procedure 4 without payment of costs.

  6. Within twenty days from the date of this order, counsel for defendant Carter shall advise the court in writing whether counsel will accept service of process on behalf of any or all of the defendants listed in number 2 above.

DATED: March 26, 2009.

          _____
          UNITED STATES MAGISTRATE JUDGE

12
seef0232.1am

```
 1
 2
 3
 4
 5
 6
 7
 8                      IN THE UNITED STATES DISTRICT COURT
 9                    FOR THE EASTERN DISTRICT OF CALIFORNIA
10   BRIAN S. SEEFELDT,
11              Plaintiff,                    No. 2:08-cv-0232-JFM (PC)
12         vs.
13   CALIFORNIA DEPARTMENT OF
     CORRECTIONS AND
14   REHABILITATION, et al.,                  NOTICE OF SUBMISSION
15              Defendants.                        OF DOCUMENTS
16   _____/
17         Plaintiff hereby submits the following documents in compliance with the court's
18   order filed _____:
19         _____     completed summons form
20         _____     completed USM-285 forms
21         _____     copies of the _____
                                   Second Amended Complaint
22   DATED:
23
24                                            _____
                                              Plaintiff
25
26
```