IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BRIAN S. SEEFELDT,

      Plaintiff,                     No. 2:08-cv-0232-JFM (PC)

   vs.

CALIFORNIA DEPARTMENT OF
CORRECTIONS AND
REHABILITATION, et al.,

      Defendants.               ORDER

_____/

        Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this action seeking relief pursuant to 42 U.S.C. § 1983.

        On March 27, 2009, the court ordered the United States Marshal to serve process on, inter alia, defendants Dr. Hirschler, Dr. Newman, Dr. Mendosa, Dr. Fox, and R. Russel. The Marshal was directed to attempt to secure a waiver of service before attempting personal service on defendants. If a waiver of service was not returned within sixty days, the Marshal was directed to effect personal service on the defendants in accordance with the provisions of Rule 4 of the Federal Rules of Civil Procedure and 28 U.S.C. § 566(c), without prepayment of costs, and to file the return of service with evidence of any attempt to secure a waiver of service and with evidence of all costs subsequently incurred in effecting personal service.

1   On October 15, 2009, the United States Marshal filed return of services with
2   USM-285 forms showing total charges of $344.67 for effecting personal service on the foregoing
3   defendants, reflected as follows on the USM-285 forms:
4       Dr. Hirschler    $124.67[1]
5       Dr. Newman    $ 55.00
6       Dr. Mendosa    $ 55.00
7       Dr. Fox    $ 55.00
8       R. Russel    $ 55.00
9   The forms also show that the United States Marshal mailed a request for waiver of service to
10  each of these defendants on April 21, 2009, and none of them responded to the requests for
11  waiver of service. The United States Marshal requests reimbursement of the costs of personal
12  service.
13  Rule 4 of the Federal Rules of Civil Procedure provides, in pertinent part, as
14  follows:

> An individual, corporation, or association that is subject to service under subdivision (e), (f), or (h) and that receives notice of an action in the manner provided in this paragraph has a duty to avoid unnecessary costs of serving the summons . . . .
>
> If a defendant located within the United States fails to comply with a request for waiver made by a plaintiff located within the United States, the court shall impose the costs subsequently incurred in effecting service on the defendant unless good cause for the failure be shown.

21  Fed. R. Civ. P. 4(d)(2).
22  The court finds that defendants Dr. Hirschler, Dr. Newman, Dr. Mendosa, Dr.
23  Fox, and R. Russel were given the opportunity required by Rule 4(d)(2) to waive service and
24  failed to comply with the request.

---

[1] Review of the USM-285 forms shows that the United States Marshal made one trip to Deuel Vocational Institution in Tracy, California to execute personal service on all five defendants. The service fee for each defendant is $55.00 and there is one mileage charge, assessed on Dr. Hirschler's form, of $69.67.

Accordingly, IT IS HEREBY ORDERED that:

1. The United States Marshal's October 15, 2009 request for reimbursement is granted.

2. Within fourteen days from the date of this order defendants Dr. Hirschler, Dr. Newman, Dr. Mendosa, Dr. Fox, and R. Russel shall pay to the United States Marshal collectively the sum of $344.67, unless within that time defendants file a written statement showing good cause for their failure to waive service. The court does not intend to extend this fourteen day period.

3. The Clerk of the Court is directed to serve a copy of this order on the U.S. Marshal.

DATED: November 11, 2009.

UNITED STATES MAGISTRATE JUDGE

seef0232.taxcost