IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BRIAN S. SEEFELDT,

       Plaintiff,                   No. 2:08-cv-0232-GEB-JFM (PC)

    vs.

CALIFORNIA DEPARTMENT
OF CORRECTIONS AND
REHABILITATIONS, et al.,

       Defendants.               FINDINGS AND RECOMMENDATIONS

_____/

       By order filed December 23, 2009, this court granted plaintiff's motion to stay this action for a period of six months pending his recovery from neurosurgery to remove a tumor. The December 23, 2009 order provided that this action would not proceed further unless and until plaintiff filed a motion to lift the stay. Plaintiff has filed nothing further in this action.

       On February 18, 2011, defendants filed a motion to dismiss for lack of prosecution pursuant to Federal Rule of Civil Procedure 41. On March 28, 2011, plaintiff was ordered to file an opposition or a statement of non-opposition to the pending motion within thirty days. In the same order, plaintiff was informed that failure to file an opposition would result in a

/////

/////

1

recommendation that this action be dismissed pursuant to Fed. R. Civ. P. 41(b). The thirty day period has now expired and plaintiff has not responded to the court's order.[1]

"Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss an action for failure to comply with any order of the court." Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992). "In determining whether to dismiss a case for failure to comply with a court order the district court must weigh five factors including: '(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.'" Ferdik, 963 F.2d at 1260-61 (quoting Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986)); see also Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995).

In determining to recommend that this action be dismissed, the court has considered the five factors set forth in Ferdik. Here, as in Ferdik, the first two factors strongly support dismissal of this action. The action was filed over three years ago. In December 2009, the action was stayed pursuant to plaintiff's request for a six-month stay. It has now been stayed for over a year and a half by an order which granted that request and advised plaintiff that the action would not proceed further unless and until he moved to lift the stay. See Order filed December 23, 2009. Plaintiff's failure to move to lift the stay or to respond either to defendants' motion to dismiss or the court's March 28, 2011 order, as well as his apparent failure to notify the court of his current address, suggests that he has abandoned this action and that further time spent by the court thereon will consume scarce judicial resources in addressing litigation which plaintiff demonstrates no intention to pursue.

/////

---

[1] Although it appears from the file that plaintiff's copy of the March 28, 2011 order was returned, plaintiff was properly served. It is the plaintiff's responsibility to keep the court apprised of his current address at all times. Pursuant to Local Rule 182(f), service of documents at the record address of the party is fully effective.

1    The fifth factor also favors dismissal.  The court has advised plaintiff of the
2 requirements under the Local Rules and granted ample additional time to oppose the pending
3 motion, all to no avail.  The court finds no suitable alternative to dismissal of this action.
4    Under the circumstances of this case, the third factor, prejudice to defendants
5 from plaintiff's failure to oppose the motion, should be given little weight.  Plaintiff's failure to
6 oppose the motion does not put defendants at any disadvantage in this action.  See Ferdik, 963
7 F.2d at 1262.  Indeed, plaintiff's failure to oppose the motion supports defendants' contention
8 that this action should be dismissed for lack of prosecution.  The fourth factor, public policy
9 favoring disposition of cases on their merits, weighs against dismissal of this action as a sanction.
10 However, for the reasons set forth supra, the first, second, and fifth factors strongly support
11 dismissal and the third factor does not mitigate against it.  Under the circumstances of this case,
12 those factors outweigh the general public policy favoring disposition of cases on their merits.
13 See Ferdik, 963 F.2d at 1263.
14    For the foregoing reasons, IT IS HEREBY RECOMMENDED that this action be
15 dismissed pursuant to Federal Rule of Civil Procedure 41(b).
16    These findings and recommendations are submitted to the United States District
17 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen
18 days after being served with these findings and recommendations, any party may file written
19 objections with the court and serve a copy on all parties.  Such a document should be captioned
20 "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the
21 objections shall be filed and served within fourteen days after service of the objections.  The
22 /////
23 /////
24 /////
25 /////
26 /////

parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: May 3, 2011.

_____
UNITED STATES MAGISTRATE JUDGE

12/seef0232.46fr